UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY RAY WILSON,

    Plaintiff,

v.                                Case No.:   2:24-cv-1108-SPC-NPM

STATE OF FLORIDA,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Petitioner Billy Ray Wilson's "Motion to De Novo" (Doc. 1). Wilson is an inmate at Charlotte County Jail, and he seeks review of four cases pending in a Florida state court. The motion is captioned for the Sixth District Court of Appeal of Florida, so it appears Wilson filed the motion in this Court by mistake. Even if Wilson purposefully filed the motion here, he is not entitled to the relief he requests. This Court is not a "pre-trial motion forum for state prisoners." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973). Further, principles of equity, comity, and federalism require the Court to abstain from interfering in state proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971) (stating "absent extraordinary circumstances" federal court should not enjoin state criminal proceedings). Wilson provides no reasons for this Court to overlook the abstention principle. Nor does he allege

any facts that warrant application any exception to the *Younger* doctrine. *See Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004).[1]

Accordingly, this action is **DISMISSED**. The Clerk is **DIRECTED** to terminate all pending motions and deadlines, enter judgment, and close this file.

**DONE** and **ORDERED** in Fort Myers, Florida on December 6, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA:     FTMP-1
Copies: All Parties of Record

---

[1] Noting the Supreme Court in *Younger* set three exceptions to the abstention doctrine: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Ibid*.